## Rosenberg v. Rosenberg

*Samuel Goldstock* and *Harold Gondelman*, for plaintiff.

*Harry Alan Sherman*, for defendant.

MCKENNA, J., December 17, 1959.—There is before the court a petition to stay proceedings. The facts are briefly as follows:

Plaintiff and defendant were married in Pittsburgh on February 20, 1928. They resided in that city until August 2, 1955, at which time defendant-husband left the marital abode. According to the allegations of the wife, defendant instituted an action in divorce in Florida in 1956, which suit was dismissed by the Florida court on July 16, 1956.

On June 22, 1956, the wife-plaintiff instituted an equity action against her husband in this court at no. 3304, July term, 1956, attaching certain real estate owned by the parties by the entireties. This case has been listed for trial on January 6, 1960.

The wife-plaintiff has also instituted an action in equity in Mobile, Ala., to prevent her husband from disposing of property allegedly owned by her husband and another woman with whom defendant is alleged to be living in adultery. This action bears no. 51,773-I in the circuit court in equity at Mobile, Ala.

In that case defendant brought a cross-suit for divorce against his wife as he is permitted to do under Alabama law.

On September 1, 1959, the wife-plaintiff instituted at the above number and term an action for divorce from bed and board on the ground of desertion and adultery. The complaint was personally served on defendant on October 30, 1959. Although we are not supplied with the precise date on which the action for divorce in Alabama was instituted, it is obvious that it was commenced prior to the institution of the present action for bed and board divorce.

On October 22, 1959, the Alabama court on motion of defendant issued an order restraining plaintiff from further proceedings in the court of Allegheny County pending a further hearing. On October 26, 1959, the restraining order was continued indefinitely until further order of the Alabama court. Defendant herein asks us to honor that order and to stay further proceedings in the divorce case filed here until the divorce case in Alabama has been adjudicated.

On November 10, 1959, this court issued on plaintiff a rule to show cause why the proceedings should not be stayed. It is the arguments presented pursuant to the rule with which we are now concerned.

We believe that we are required to grant the motion to stay proceedings.

Plaintiff has alleged that her husband is living in adultery which, of course, would be a bar to a divorce in this State as it would be in Alabama. We believe, however, that we are required to leave to the Alabama court the disposition of that matter.

Plaintiff voluntarily subjected herself to the jurisdiction of the Alabama court when she brought an action in Alabama to attach her husband's property there. While she alleges that she did not know that in Alabama a defendant in such a proceeding could file a cross-suit for divorce, she and her counsel must be charged with knowledge of this part of the Alabama law.

It is to be noted that the decree of the Alabama court is not attacked on grounds of fraud or lack of jurisdiction.

It would seem that as a matter of courtesy aside from the full faith and credit clause of the Federal Constitution, this court should await disposition of the Alabama divorce case before proceeding further. If that court grants a divorce, then the decree in that case would be a complete bar to the wife's suit in this court.

The wife-plaintiff has asserted in her brief that the judge, who issued the restraining order, is related to the attorney for the husband. We regard such matters as irrelevant and immaterial. If such is the case and such relationship affects the outcome of the contest, we would further assume that the appellate courts in Alabama will correct errors on that account.

The restraining order issued by the Alabama court restrains plaintiff only from prosecuting her divorce case in this jurisdiction. It will have no effect, as was admitted by counsel for both cases at the argument, on the suit commenced by the wife for attachment of her

husband's property in this jurisdiction at no. 3304, July term, 1956.

Since the wife-plaintiff is represented by competent counsel in Alabama, she can proceed to have that case adjudicated. We must assume that the Alabama court will administer the law fully and fairly and without prejudice to either side. We must assume further that the court will not tolerate any unjustifiable delay or procrastination on the part of the husband and that the case will be heard in due course.

For these reasons the rule to show cause will be made absolute and the proceedings in the instant case stayed pending disposition of the subject matter in the circuit court of Alabama at no. 51,773-I.